IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-01-399 (1) |
| | § | |
| SALVADOR MALDONADO, | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO REDUCE SENTENCE**

Defendant Salvador Maldonado ("Maldonado" or "Defendant") was sentenced on April 18, 2002. (D.E. 54). Judgment of conviction and sentence was entered on April 22, 2002. (D.E. 55). Maldonado did not appeal. Instead, on April 25, 2003, he filed a motion to extend the one-year time-period to file a § 2255 motion. (D.E. 118). After briefing by the parties, the Court denied the motion. (D.E. 119-122). Maldonado appealed from the Court's order, and his appeal was subsequently dismissed for want of prosecution on September 20, 2002. (D.E. 124, 129, 131).

Defendant did not file any other motions until December 7, 2005, when the Clerk received from him a "Motion to Eliminate Enhancements and Reduce Sentence," (D.E. 134), now pending before the Court and addressed herein. In his motion, Maldonado relies on United States v. Booker, 125 S. Ct. 738 (2005), and argues that his Sixth Amendment rights were violated because his sentence was enhanced based on facts not found by a jury beyond a reasonable doubt nor admitted by him. He requests "a review of his case and a sentence

1

reduction, eliminating the enhancements in his case." (D.E. 134 at 2). For the reasons set forth herein, the motion is DENIED WITHOUT PREJUDICE.

## I. CHARACTERIZATION OF MOTION

Nowhere does Defendant's motion identify the statute pursuant to which he seeks relief in this Court. While the proper vehicle for his challenge is a motion pursuant to 28 U.S.C. § 2255, his motion does not cite to § 2255, nor is it styled as a motion to correct, vacate or reduce his sentence. Cognizant of the Supreme Court's decision in Castro v. United States, 124 S. Ct. 786, 792 (2003), the Court declines to construe his motion as a § 2255 motion. Cf. Castro, 124 S. Ct. at 792 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions). Rather, this Court DENIES the motion without prejudice to Maldonado's ability to file a proper § 2255 motion.

The Court makes no ruling herein as to how it would rule upon Maldonado's motion, should he choose to re-file it as a § 2255 motion, but notes that, to the extent his motion is a "second or successive" § 2255 motion, he has not obtained permission from the Fifth Circuit to file it. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Additionally, any § 2255 motion

by Maldonado based solely on Booker would be barred by the applicable statute of limitations. See 28 U.S.C. § 2255 ¶6.[1]

## II. CONCLUSION

For the foregoing reasons, Defendant's motion (D.E. 134) is DENIED WITHOUT PREJUDICE.

It is ORDERED this 28th day of December, 2005.

_____
HAYDEN HEAD
CHIEF JUDGE

---

[1] Defendant could argue that the motion is timely pursuant to 28 U.S.C. § 2255, ¶6(3), which allows a motion to be brought within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255 ¶6(3). That argument is currently foreclosed, however, by United States v. Padilla, 416 F.3d 424 (5th Cir. 2005), in which the Fifth Circuit held that Booker is not retroactive. 416 F.3d at 427 (("Like Apprendi, Booker's holding is not retroactively applicable to cases on collateral review."). Thus, even if Defendant re-files his motion as a § 2255 motion, Booker would not entitle him to relief.