IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   §<br>    Plaintiff,             §<br>                         §<br>v.                        §        Cr. No. C-01-399 (1)<br>                         §<br>SALVADOR MALDONADO,          §<br>    Defendant.            § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR RECONSIDERATION**

Pending before the Court is Defendant Salvador Maldonado's ("Maldonado" or "Defendant") Motion for Reconsideration (D.E. 136), received by the Clerk on January 12, 2006. For the reasons set forth herein, the motion is DENIED.

**I.    BACKGROUND**

Maldonado was sentenced on April 18, 2002. (D.E. 54). Judgment of conviction and sentence was entered on April 22, 2002. (D.E. 55). Maldonado did not appeal. Instead, on April 25, 2003, he filed a motion to extend the one-year time-period to file a § 2255 motion. (D.E. 118). After briefing by the parties, the Court denied the motion. (D.E. 119-122). Maldonado appealed from the Court's order, and his appeal was subsequently dismissed for want of prosecution on September 20, 2002. (D.E. 124, 129, 131).

On December 7, 2005, the Clerk received from Maldonado a "Motion to Eliminate Enhancements and Reduce Sentence," (D.E. 134), in which he requested relief pursuant to United States v. Booker, 125 S. Ct. 738 (2005). By order entered December 29, 2005, the

1

Court denied the motion without prejudice. (D.E. 135). Specifically, the Court declined to construe the motion as one pursuant to 28 U.S.C. § 2255, and further noted that any § 2255 motion by Maldonado based solely on Booker would be barred by the applicable statute of limitations. (D.E. 135). See 28 U.S.C. § 2255 ¶6.

On January 1, 2006, the Clerk received from Maldonado a "Motion for Reconsideration." (D.E. 136). In it, Maldonado requests that the Court reconsider his December 7, 2005 motion and either resentence him or order the government to respond to his earlier motion. He acknowledges that Booker has not yet been held retroactive on collateral review, but argues that if the Court does not consider his claims, he will be barred from ever having his Booker claims heard because he must bring his motion within a year after the right was recognized. (D.E. 136 at 1-2 (citing Dodd v. United States, 125 S. Ct. 2478, 2482 (2005))).

II.   **ANALYSIS**

As noted in the Court's prior order, the proper vehicle for a challenge under Booker is a motion pursuant to 28 U.S.C. § 2255, but neither Maldonado's prior motion nor this one cited to § 2255 or indicated any intent to file under that statute. Moreover, as the Court noted in its prior order, if his motion were construed as a § 2255 motion, it would be time-barred. (See D.E. 135 at 2-3). Maldonado does not challenge those conclusions.

Instead, Maldonado contends that, if his Booker claim is not addressed on the merits now,[1] he will be forever barred from having it addressed, even if the Supreme Court later determines that Booker is retroactively applicable on collateral review. It is true that, if the Supreme Court ultimately decides Booker is retroactively applicable, defendants will have to have filed their § 2255 motions not later than January 12, 2006. Dodd v. United States, 125 S. Ct. 2478, 2482 (2005) (limitations period under § 2255 ¶ 6(3) begins to run on the date on which the Supreme Court initially recognizes the right asserted). January 12, 2006 has now passed and the Supreme Court has not yet ruled on the issue. Cf. Dodd, 125 S. Ct. at 2483 (calling it a "rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year").

Thus, assuming the rule set forth in Dodd remains unchanged and Congress does not intervene, Maldonado will be unable to obtain relief under Booker, even if the Supreme Court eventually determines the case should be applied retroactively on collateral review. This harsh result, however, is merely a consequence of a statute that Congress has enacted and that the Supreme Court is "not free to rewrite." See id. Furthermore, this harsh result does not

---

[1] The Fifth Circuit has squarely held that Booker is *not* retroactively applicable on collateral review. United States v. Gentry, __ F.3d __, 2005 WL 3317891 (5th Cir. Dec. 8, 2005). Pursuant to Gentry, Booker does not provide a basis for relief to a defendant, such as Maldonado, whose conviction became final before the case was decided on January 12, 2005. Gentry, 2005 WL 3317891, *6 and n.2. Similarly, the Second, Third, Fourth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits have all addressed the retroactivity of Booker on initial collateral review and have concluded that Booker does not apply retroactively. See McReynolds v. United States, 397 F.3d 479 (7th Cir.), cert. denied, 125 S. Ct. 2559 (2005); United States v. Humphress, 398 F.3d 855 (6th Cir.), cert. denied, 126 S. Ct. 199 (2005); Varela v. United States, 400 F. 3d. 864 (11th Cir.), cert. denied, 126 S. Ct. 312 (2005); Guzman v. United States, 404 F.3d 139 (2d Cir. 2005); Lloyd v. United States, 407 F.3d 608 (3d Cir.), cert. denied, 126 S. Ct. 288 (2005); United States v. Bellamy, 411 F.3d 1182 (10th Cir. 2005); Never Misses a Shot v. United States, 413 F.3d 781 (8th Cir. 2005); United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005) (per curiam); United States v. Morris, 429 F.3d 65 (4th Cir. Nov. 7, 2005).

give this Court any authority to ignore binding authority. As the law stands now, Maldonado is not entitled to relief under Booker, and this Court must apply the law. See note 1, supra (citing United States v. Gentry, __ F.3d __, 2005 WL 3317891 (5th Cir. Dec. 8, 2005).

The Court understands that Maldonado may simply be trying to preserve his rights under Booker, in the hopes that the Supreme Court makes a future determination that the case should be applied retroactively. He has cited to no authority, however, and this Court has not found any, allowing a § 2255 movant to merely file a motion as a type of "placeholder" and requiring the district court to allow it to remain pending until the Supreme Court chooses to address the retroactivity of an earlier case.

### III.   CONCLUSION

For all of the foregoing reasons, the Court sees no reason to reconsider its prior order. Accordingly, Defendant's motion (D.E. 136) is DENIED.

Ordered this 24th day of January, 2006.

_____
HAYDEN HEAD
CHIEF JUDGE