IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-01-399 (1) |
| | § | |
| SALVADOR MALDONADO, | § | |
|     Defendant-Movant. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR EARLY RELEASE**

Pending before the Court is a *pro se* letter motion filed by Defendant Salvador Maldonado, received by the Clerk on August 11, 2008 and docketed as a "Notice." (D.E. 144.) In it, Maldonado states that he is writing to ask the Court for "mercy" and to give him a "compassionate release." In support of his request, he asserts that he began receiving dialysis five months ago and has to receive dialysis three times per week. He further states that his health is not good, that he will be 69 years old in October, and that his family is experiencing "extreme financial difficulties" due to medical bills from his wife's kidney transplant.[1]

Maldonado was sentenced by this Court on April 18, 2002 to 188 months in the custody of the Bureau of Prisons. (D.E. 54, 55.) He was sentenced to the lowest end of the applicable guideline range for his offense, which involved more than 100 kilograms of marijuana. The guideline range was enhanced, however, based on a finding that Maldonado

---

[1] Although Maldonado's letter states that he also is including documentation showing that he has maintained clear conduct while incarcerated and has taken self-help classes and continued his education, no such documents were attached.

was a career offender because of two prior drug trafficking convictions. (See generally Presentence Investigation Report.)

Although Maldonado does not cite to any legal authority in support of his request for a "compassionate release," the Court construes his motion as requesting a reduction in sentence pursuant to 18 U.S.C. § 3582. This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582©. United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons ("BOP") moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582©.

Section 3582(c)(1)(A)(I) would allow the Court to reduce Maldonado's sentence if the BOP filed a motion with the Court requesting the reduction and the Court found that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(I). To date, however, no such motion has been filed by the BOP on behalf of Maldonado.

Moreover, the BOP's policy on "compassionate releases" appears to be that the BOP will move for a reduction in sentence under § 3582 only if a prisoner is suffering from a

serious medical condition that is generally terminal, with a determinate life expectancy. In Williams v. Van Buren, 117 Fed. Appx. 985 (5th Cir. Dec. 20, 2004), for example, the BOP informed the court that it generally restricts the application of § 3582(c)(1)(A)(I) to inmates diagnosed with medical conditions that are terminal within one year or who suffer from severely debilitating and irreversible conditions that render them unable to provide self-care. In that case, a prisoner with cancer in remission did not satisfy the BOP's criteria and so the BOP refused to move for her early release. The Fifth Circuit affirmed the district court's denial of the prisoner's § 2241 claim, which challenged both the BOP's failure to move for her release, and the rule pursuant to which it did so. Williams, 117 Fed. Appx. 985; see also United States v. Guerrero, 155 Fed. Appx. 757 (Feb. 15, 2006) (district court properly denied a federal prisoner's motion for reduced sentence under 18 U.S.C. § 3582(C)(1)(A)(I) where the prisoner alleged he had a heart condition, but did not allege that he had an illness from which he would die within a year or a medical condition rendering him unable to provide self-care).

  Maldonado's motion describes his current medical condition as requiring dialysis three times weekly and includes the general statement that his health is "not good." (D.E. 144 at 1.) Unless Maldonado's medical condition qualifies under the BOP's criteria, a fact which Maldonado has not alleged, it is unlikely the BOP will move for his early release. In any event, absent such a motion from the BOP, the Court lacks authority to reduce his term of imprisonment.

## **CONCLUSION**

For the foregoing reasons, Maldonado's motion for early release (D.E. 144) is DENIED WITHOUT PREJUDICE. Maldonado is, of course, free to petition the BOP to request a "compassionate release" on his behalf.

It is so ORDERED this 11th day of September, 2008.

*Hayden Head*
_____
HAYDEN HEAD
CHIEF JUDGE